UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWIGHT HAUER,<br><br>   Plaintiff,<br><br>   v.<br><br>DEPARTMENT OF STATE HOSPITALS—COALINGA,<br><br>   Defendant. | Case No. 1:25-cv-01090-CDB (PC)<br><br>ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>(Doc. 2) |

   Plaintiff Dwight Hauer ("Plaintiff") is a civil detainee proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action with the filing of a complaint on August 28, 2025. (Doc. 1). That same day, Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP"). (Doc. 2).

   All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he or she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Section 1915(a)(2) requires all persons seeking to

---

[1] The required fee includes a $350 filing fee and a $55 administrative fee, as of December 1, 2023.

1

1 proceed without full prepayment of fees to file an affidavit that includes a statement of all assets
2 possessed and demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234
3 (9th Cir. 2015).

4 "Unlike other indigent litigants, prisoners proceeding *in forma pauperis* must pay the full
5 amount of filing fees in civil actions and appeals pursuant to the PLRA [Prison Litigation Reform
6 Act]." *Agyeman v. INS*, 296 F.3d 871, 886 (9th Cir. 2002) (citing 28 U.S.C. § 1915(b)(1); T*aylor
7 v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002)). As defined by the PLRA, a "prisoner" is "any
8 person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or
9 adjudicated delinquent for, violations of criminal law or the terms and conditions of parole,
10 probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

11 However, persons who file suit after having been released from custody are no longer
12 "prisoners" as defined by the PLRA and are therefore not subject to 28 U.S.C. § 1915(b), 42 U.S.C.
13 § 1997e(a)'s pre-suit administrative exhaustion requirements, or 28 U.S.C. § 1915(g)'s "three-
14 strikes" provision. *See Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000) (a person confined
15 under California's Sexually Violent Predator Law, while "a prisoner within the meaning of the
16 PLRA when he served time for his conviction, [] ceased being a 'prisoner' when he was released
17 from the custody of the Department of Corrections"); *Jackson v. Fong*, 870 F.3d 928, 934-35 (9th
18 Cir. 2017) (former prisoner incarcerated when he filed his civil rights action but released by the
19 time he filed an amended complaint was not subject to the PLRA's exhaustion requirement); *Moore
20 v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011) (noting that § 1915(g)'s three-
21 strikes rule does not apply to a civil action of appeal filed after former prisoner was released on
22 parole).

23 Plaintiff, a civil detainee currently confined at Coalinga State Hospital under the Welfare
24 and Institutions Code Section 6600, does not appear to have been a "prisoner" as defined by the
25 PLRA at the time he filed this action. (Doc. 1 at 2). Therefore, neither the filing fee provisions of
26 28 U.S.C. § 1915(b), nor § 1915(c)'s "three strikes" bar apply to this case. *See Andrews v. King*,
27 398 F.3d 1113, 1122 (9th Cir. 2005). Further, examination of Plaintiff's application reveals that he
28 is unable to afford the costs of this action. (Doc. 2). Thus, the Court finds Plaintiff has made the

2

showing required by § 1915, and the request to proceed *in forma pauperis* shall be granted.

As to the status of the complaint, Plaintiff is advised that pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of a pro se complaint where the plaintiff proceeds *in forma pauperis* to determine whether it is legally sufficient under the applicable pleading standards. The Court must dismiss a complaint, or portion thereof, if the Court determines that the complaint is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies in the complaint can be cured by amendment.

Plaintiff's complaint will be screened in due course. If appropriate after the case has been screened, the Clerk of the Court will provide Plaintiff with the requisite forms and instructions to request the assistance of the United States Marshal in serving Defendant pursuant Rule 4 of the Federal Rules of Civil Procedure.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is GRANTED; and
2. Plaintiff's complaint will be screened in due course.

IT IS SO ORDERED.

Dated:    **September 3, 2025**

UNITED STATES MAGISTRATE JUDGE