UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWIGHT HAUER, | Case No.: 1:25-cv-01090-CDB (PC) |
| Plaintiff, | **ORDER REQUIRING PLAINTIFF TO RESPOND** |
| v. | (Doc. 1) |
| DEPARTMENT OF STATE HOSPITALS—COALINGA, | **30-DAY DEADLINE** |
| Defendant. | |

Plaintiff Dwight Hauer is a civil detainee proceeding pro se and *in forma pauperis* in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action with the filing of a complaint on August 28, 2025. (Doc. 1.)

## I.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal

theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II.    PLEADING REQUIREMENTS

### A.    Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks & citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Id*. (citing *Twombly*, 550 U.S. at 555).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation marks omitted)). *See* Fed. R. Civ. P. 8(e) ("Pleadings shall be so construed as to do justice."). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987) *superseded on other grounds by statute as stated in Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc)).

"[T]he liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin*., 122 F.3d 1251, 1257 (9th Cir. 1997)

2

(internal quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks & citation omitted).

## B. Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law.  *See* 42 U.S.C. § 1983.  To state a claim under section 1983, a "plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation") (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71, 375-77 (1976)).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legal required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

## III.   DISCUSSION

### A. Plaintiff's Complaint

Plaintiff is a civil detainee housed at Coalinga State Hospital. In his complaint, Plaintiff alleges he was assaulted by another patient and names the Department of State Hospitals – Coalinga, "a state-run medical facility," as Defendant and seeks to recover damages for unsafe conditions and failure to protect him in violation of the Fourteenth Amendment. (Doc. 1 at 1-4.) Plaintiff seeks compensatory and punitive damages, a declaration that "Defendant's polic[ies] and

3

practices regarding patient safety and the protection of patients from harm are unconstitutional," an injunction requiring "Defendant to implement policies and procedures to ensure the safety of patients and protect them from harm," and reasonable attorney's fees and costs. (*Id*. at 4.)

### B. Factual Allegations

On April 11, 2025, "Plaintiff was assaulted by another patient, Bishop, while a civil detainee" at Coalinga State Hospital. (*Id*. at 2.) "Plaintiff has been informed, by staff and other patients, that prior to the assault, Bishop had demonstrated a history of violence and had been moved to different housing units within the hospital due to this behavior." (*Id*.) Plaintiff alleges Defendant "knew or should have known of Bishop's violent propensities and the substantial risk he posed to other patients, including the elderly Plaintiff." (*Id*.) As a result, Plaintiff alleges that he suffered a "bump on his left forehead," "[p]ain in his right shoulder and lower back," "[p]urple discoloration of his lip and cheek," and "confusion and disorientation," along with "pain, suffering, emotional distress, and the deprivation of his constitutional rights." (*Id*. at 3.)

### C. Plaintiff's Claim

Plaintiff alleges that "Defendant acted with deliberate indifference to the substantial risk of serious harm to Plaintiff by failing to take adequate measures to protect Plaintiff from Bishop, despite the known risk" in violation of "Plaintiff's rights under the Fourteenth Amendment." (*Id*.)

### D. Applicable Legal Standards and Discussion

1. Fourteenth Amendment

The Fourteenth Amendment governs claims for unsafe conditions and failure to protect brought by civilly detained plaintiffs. *See Hydrick v. Hunter*, 500 F.3d 978, 996-97 (9th Cir. 2007), *cert. granted, judgment vacated on other grounds*, 556 U.S. 1256 (2009). A civil detainee's "right to be protected and confined in a safe institution are [*sic*] clearly established." *Id.* (citing *Youngberg v. Romeo*, 457 U.S. 307, 319-22 (1982) (civil detainees have constitutionally protected rights under due process clause to reasonably safe conditions of confinement and freedom from unreasonable bodily restraints)). "[C]ivilly detained persons must be afforded 'more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish" and in determining the rights of civil detainees,

the Court must balance the detainee's liberty interests against relevant state interests in institutional security and the safety of those housed at the facility. *Hydrick*, 500 F.3d at 989–90 (quoting *Youngberg*, 457 U.S. at 321-22). The negligence of prison officials, however, is not sufficient to trigger the substantive due process protection of the Fourteenth Amendment. *See Daniels v. Williams*, 474 U.S. 327, 331, 336 (1986) (negligence by state official does not violate due process under the Fourteenth Amendment).

The Ninth Circuit has established "'(1) [civil detainees] have a constitutional right to be safe in the state institution to which they are committed, and that (2) in the face of known threats to [a civil detainee's] safety, state officials may not act (or fail to act) with conscious indifference, but must take adequate steps in accordance with professional standards to prevent harm from occurring.'" *Hill v. Baughman*, No. 2:18-cv-3089 AC P, 2019 WL 3782170, at *3–4 (E.D. Cal. Aug. 12, 2019) (quoting *Ammons v. Washington Dep't of Soc. & Health Servs.*, 648 F.3d 1020, 1030 (9th Cir. 2011)).

### 2.  Eleventh Amendment Immunity

Plaintiff names as a defendant the Department of State Hospitals – Coalinga. (Doc. 1 at 1.) However, the Eleventh Amendment presents a general bar against federal lawsuits brought against the state. *Wolfson v. Brammer*, 616 F.3d 1045, 1065–66 (9th Cir. 2010).

The Eleventh Amendment prohibits federal courts from hearing suits brought against a nonconsenting state. *Munoz v. Superior Ct. of Los Angeles Cnty.*, 91 F.4th 977, 980 (9th Cir. 2024). "This prohibition applies when the "state or the 'arm of a state' is a defendant."" *Id.* (quoting *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422 (9th Cir. 1991)). Thus, the Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant, absent consent. *Nat. Res. Def. Council v. Cal. Dep't of Transp.*, 96 F.3d 420, 421 (9th Cir. 1996); *see, e.g., Brown v. Cal. Dep't. of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (finding California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity).  "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court ...." *Dittman v. California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999) (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234,

5

241 (1985)).

Accordingly, because Coalinga State Hospital is part of the California Department of State Hospitals, which is a state agency, it is immune from civil rights claims raised pursuant to Section 1983. *See Lazier v. Coalinga State Hosp.*, No. 1:21-cv-01362-BAM PC, 2021 WL 12157141, at *3 (E.D. Cal. Sept. 27, 2021) (holding Coalinga State Hospital not amenable to Section 1983 suit); *Huskey v. Coalinga State Hosp.,* No. 1:13-cv-01708-MJS (PC), 2013 WL 5934142, at *2 (E.D. Cal. Nov. 1, 2013) (same).

If Plaintiff chooses to file an amended complaint, he should not name the Department of State Hospitals – Coalinga as a defendant. Rather, he should name as defendants those individuals who were personally involved in the alleged constitutional violations. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (no respondeat superior liability under Section 1983).

### *Other Information for Consideration Regarding Amendment*

The following information is provided to assist Plaintiff should he elect to file an amended complaint.

### Avoid Imprecise Identification of Actions by Defendants

Any amended complaint filed by Plaintiff must comply with Rule 8 of the Federal Rules of Civil Procedure by clearly and succinctly stating what happened, when it happened, and how each defendant was involved. Simply grouping some or all defendants and ascribing to them generalized assertions of overall conduct is insufficient. *See Gibson v. City of Portland*, -- F.4th --, 2026 WL 235118, at *16-18 (9th Cir. Jan. 29, 2026). Plaintiff is required to concisely identify the conduct alleged to have violated Plaintiff's constitutional rights as to each defendant for each claim. *Iqbal*, 556 U.S. at 676-77. Plaintiff may not assert multiple claims by simply asserting the supporting facts are the same as a previous claim. *Gibson*, 2026 WL 235118, *16-18.

### IV.    CONCLUSION AND ORDER

Based on the above, the Court finds Plaintiff's complaint fails to state a cognizable claim against the Defendant. Plaintiff will be granted leave to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. *Lopez*, 203 F.3d at 1130.

If Plaintiff wishes to file a first amended complaint, any such amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegation must be [sufficient] to raise a right to relief above the speculative level …." *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, an amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Accordingly, the Court **ORDERS** that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form; and,

2. **Within 30 days** from the date of service of this order, Plaintiff must either:

(a) File a first amended complaint curing the deficiencies identified by the Court in this order; or

(b) in the alternative, file a notice of voluntary dismissal (Fed. R. Civ. P. 41(a)(1)(A)(i)); and

3. **If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed, without prejudice, for his failure to plead any cognizable claim, failure to obey a court order, and failure to prosecute**.

IT IS SO ORDERED.

Dated:   **February 17, 2026**   _____

UNITED STATES MAGISTRATE JUDGE

7