UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DWIGHT HAUER,

          Plaintiff,

    v.

DEPARTMENT OF STATE
HOSPITALS-COALINGA,

          Defendant.

Case No.: 1:25-cv-01090-JLT-CDB (PC)

**ORDER DIRECTING CLERK OF THE
COURT TO MODIFY THE DOCKET**

**FINDINGS AND RECOMMENDATIONS TO
DISMISS CERTAIN CLAIMS AND
DEFENDANTS**

14-Day Objection Period

Plaintiff Dwight Hauer is a civil detainee appearing pro se and *in forma pauperis* in this civil rights action.

## I.      RELEVANT BACKGROUND

On May 8, 2026, the Court issued its Second Screening Order, finding Plaintiff's first amended complaint stated a plausible Fourteenth Amendment failure to protect claim against Defendant Serrano and a plausible Fourteenth Amendment conditions of confinement claim against Defendant Ndifang but failed to allege any other cognizable claim against any named Defendant. (Doc. 12.) Plaintiff was directed to notify the Court whether he wished to proceed on the claims found cognizable following screening, or to file a second amended complaint, or to file a notice of voluntary dismissal. (*Id*. at 10-11.)

On May 26, 2026, Plaintiff filed a 12-page letter addressed to the undersigned (Doc. 13)

and "Plaintiff's Notice To the Court" (Doc. 14).

On May 29, 2026, the Court issued its Order Re Plaintiff's Filings of May 26, 2026; Order Construing Letter to be Motion for Extension of Time to File Second Amended Complaint; and Order Directing Clerk of the Court to Strike Docket Entry Number 14. (Doc. 15.) Relevant here, Plaintiff was also advised as follows: "Should Plaintiff decide, based upon the information provided herein, that he does not wish to file a second amended complaint after all, Plaintiff may file a *new* notice, indicating, without qualification, that he wishes to proceed on the claims previously found cognizable by the Court, to wit: his Fourteenth Amendment failure to protect claim against Defendant Serrano and Fourteenth Amendment conditions of confinement claim against Defendant Ndifang." (*Id*. at 5, italics in original.)

On June 15, 2026, Plaintiff filed a second "Plaintiff's Notice To the Court," stating "he does not intend to file a 2nd Amendment Complaint" and instead "wishes to proceed forward with his 1st Amended Complaint with only the two Defendants, Geraldo Serrano, Psychiatric Technician, and Charles Ndifan[g], Registered Nurse." (Doc. 16.)

Given Plaintiff's decision to proceed on the cognizable claims presented in his first amended complaint, the Court will recommend the action proceed on those claims. It will also direct the Clerk of the Court to modify the docket for this action.

## II.    ORDER AND RECOMMENDATIONS

Accordingly, the Court **HEREBY DIRECTS** the Clerk of the Court to:

1. Add Geraldo Serrano and Charles Ndifang to the docket for this action as Plaintiff named those individuals as defendants in his first amended complaint; and

2. Terminate Department of State Hospitals-Coalinga as a defendant in this action because that entity is not named as a defendant in the first amended complaint.

Further, for the reasons given above, this Court **HEREBY RECOMMENDS** that:

1. This action **PROCEED** *only* on Plaintiff's Fourteenth Amendment failure to protect claim against Defendant Serrano and Fourteenth Amendment conditions of confinement claim against Defendant Ndifang;

2. DOES 1 through 10 be **DISMISSED**; and

2

3.   Any other claims asserted in Plaintiff's first amended complaint be **DISMISSED**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).

A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **June 17, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

3