UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWIGHT HAUER,<br>Plaintiff,<br>v.<br>DEPARTMENT OF STATE HOSPITALS-COALINGA,<br>Defendant. | Case No.: 1:25-cv-01090-JLT-CDB (PC)<br>**ORDER GRANTING DEFENDANTS' EX PARTE APPLICATION FOR EXTENSION OF TIME *NUNC PRO TUNC* WITHIN WHICH TO FILE RESPONSIVE PLEADING**<br>(Doc. 23) |

Plaintiff Dwight Hauer is a civil detainee appearing pro se and *in forma pauperis* in this civil rights action.

**I. INTRODUCTION**

Service of the summons and first amended complaint upon Defendants Geraldo Serrano and Charles Ndifang ("Defendants") was effected by the United States Marshal on November 3, 2026. (Doc. 22.)

On the day Defendants' responsive pleading was due (yesterday, November 24, 2026, *see* Fed. R. Civ. P. 12(a)(1)), Defendants filed an Ex Parte Application to Extend Time to Respond to First Amended Complaint By No More Than 28 Days. (Doc. 23.)

**II. DISCUSSION**

District courts have broad discretion to control the course of litigation under Rule 16 of

the Federal Rules of Civil Procedure, *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012), and to manage their dockets, including ruling on requests for extensions of time, *Williams v. Kalisher*, 718 F. App'x 561 (9th Cir. 2018) (citing *FTC v. Gill*, 265 F.3d 944, 957 (9th Cir. 2001)).

Rule 6(b) of the Federal Rules of Civil Procedure permits the Court to extend an unexpired deadline on a showing of good cause. However, this Court's Local Rule 144(d) provides that "[c]ounsel shall seek to obtain a necessary extension from the Court … as soon as the need for an extension becomes apparent. Requests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor."

Here, Defendants, who will be represented by the Office of the Attorney General, seek a 28-day extension of time to respond to Plaintiff's first amended complaint. Defendants' request is supported by the Declaration of Senior Assistant Attorney General Iveta Ovsepyan. In her declaration, Ms. Ovsepyan declares she is a senior assist attorney general in the Torts and Condemnation section which will represent Defendants in this action. (Doc. 23 at 5, ¶ 1.) Further, she declares that multiple ongoing trials in that section in November 2026 affect her ability to assign this matter to a deputy attorney general for handling. (*Id.*, ¶ 3.) Ms. Ovsepyan additionally declares she has reviewed the complaint, the docket for this action, and the Court's screening order and is in the process of assigning this action to a deputy attorney general "to review and assess a responsive pleading on Defendants' behalf." (*Id.*) Next, Ms. Ovsepyan declares that due to her inability to yet assign this matter to another in her section, Plaintiff has not been contacted concerning this request "because there is no telephone number or e-mail address contained in the summons or complaint," thus notice is provided by service of the request by mail. (*Id.*, ¶ 4.)

Based on Ms. Ovsepyan's proffer, it plainly was apparent that her need for an extension was evident well before the deadline to file a responsive pleading and, thus, consistent with Local Rule 144(d), Defendants' ex parte application should have been filed earlier. The Court disfavors granting *nunc pro tunc* relief. While the Court finds good cause exists to extend the November 24, 2026, deadline by 28 days as requested by Defendants, the Court admonishes Ms. Ovsepyan to refamiliarize herself with this Court's Local Rules and to heed them in the litigation of this

action.

**III. CONCLUSION AND ORDER**

Accordingly, the Court **HEREBY ORDERS** that:

1. Defendants' ex parte application for an extension of time to file a responsive pleading (Doc. 23) is **GRANTED**; and
2. Defendants **SHALL** file their response to the first amended complaint **no later than December 22, 2026**.

IT IS SO ORDERED.

Dated: **November 25, 2026**

UNITED STATES MAGISTRATE JUDGE